IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

DARRYL KEN WALKER, #176041          §

VS.                                 §          CIVIL ACTION NO. 4:11cv273

BRIAN HORN, ET AL.                  §

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Darryl Ken Walker, an inmate confined at the Denton County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983.   The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

On September 21, 2011, the Court issued an Order that Plaintiff pay an initial partial filing fee within 30 days from receipt of that Order.  No initial partial filing fee having been received, the Court issued a Report and Recommendation on November 1, 2011, that this case be dismissed for failure to prosecute and failure to obey an order.  *See* docket entry #14.  Plaintiff responded on November 9, 2011, explaining the delay in his payment and, in fact, he paid the initial partial filing fee on November 7, 2011.  Accordingly, the Court issued an Order re Collection and Payment of Full Filing Fee on December 22, 2011 (docket entry #18), and allowed the case to proceed.

However, on December 22, 2011, Movant Denton County filed a Motion to Quash Service of Process.  Plaintiff identified the named Defendants in his complaint as deputies of the Denton County Sheriff's Office and putative service of summons had been made on them by mail at the

1

Sheriff's Department address.  However, the Defendants are not employees of the Sheriff and their identities and service addresses were therefore incorrectly identified.  On March 12, 2012, the Court issued an Order (docket entry #20) granting the Motion to Quash Service of Process.  Included in the Order was a direction to Plaintiff that "the Plaintiff has twenty (20) days from the receipt of this order to supply the United States Clerk's Office with the correct addresses for Defendants Horn, Sanchez and Kane, in order that service can be made on them."  *See* Order at 2-3.  He was advised that failure to comply could result in dismissal of his action.  *Id.* at 3.

Well over 20 days have passed since the Court's issuance of the Order above.  Plaintiff has not acknowledged the Order, although he has acknowledged past orders within two or three days of their issuance.  Even giving Plaintiff time for mailing of the Order, his time to respond has expired without further communication from him.  He has not complied with the Order to provide accurate identities and addresses for service of his complaint and summons, nor has he provided any excuse for such failure.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam);  Fed. R. Civ. P. 41(b).  The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused.  *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979);  *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and

2

expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)).   A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793.  The explanation for employing a dismissal with prejudice should be stated on the record.  *Id.*

In the present case, the Plaintiff has not complied with the Court's Order to provide accurate service information for the Defendants in order to proceed with the case.  His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate.  A fine would not be appropriate as a sanction since the Plaintiff has proceeded *in forma pauperis*.  A dismissal without prejudice is the best option.

## Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for failure to prosecute and failure to obey an order.  Fed. R. Civ. P. 41(b);  Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 4th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

4